JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, Kavin Peeples, pro se, appeals the trial court's denial of his sixth petition for post-conviction relief.[1]
Defendant pleaded guilty to attempted murder in 1987 and was sentenced to a term of eight to twenty-five years, which was later amended to seven to twenty-five years.
 {¶ 3} Defendant states four assignments of error,[2] the first of which states:
 {¶ 4} "I. To meet the fairness component of constitutional due process a layman of the law should be allowed to raise previously raised errors which where [sic] denied res judicata in instances in which the petitioner received no assistance from professional legal experts or even from the prison law library on his initial post-conviction petition, and had no experience in the law."
 {¶ 5} Defendant argues that laymen should not be held to the rule of res judicata. Specifically, he argues that because of the limitations of the prison library and because he did not have counsel for his first post-conviction relief petition, this court should not apply the rule of res judicata to him in his delayed post-conviction relief petitions.[3]
 {¶ 6} Post-conviction relief is provided by R.C. 2953.21, which limits the time in which a defendant can file his petition: "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." In order to file a post-conviction relief petition outside that time frame, defendant's petition must meet the requirements of R.C.2953.23, which states in pertinent part:
 {¶ 7} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 8} "(1) Either of the following applies:
 {¶ 9} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 10} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 12} The scope of review for a denial of a delayed post-conviction relief petition is very limited.[4] It does not permit a challenge to the legality of R.C. 2953.21 and .23 because the resolution does not depend upon newly discovered facts. For the trial court to have authority to even consider a delayed post conviction relief petition under R.C. 2953.23(A),[5] the petitioners must specify new evidence, demonstrate they were "unavoidably prevented" from discovering this new evidence, and show this new evidence demonstrates petitioners would not have been found guilty. If these criteria are not met, the trial court may not even "entertain" a delayed petition. If the criteria are met, then the court is limited to reviewing the alleged evidence not available to defendant at trial.
 {¶ 13} Because no new evidence was even alleged, the trial court had no authority to entertain the petition. Moreover, even if such evidence were alleged, defendant has raised an issue which the court has no authority to address: whether the post-conviction process violates defendant's due process rights. Not being contingent upon new evidence, this issue is not appropriate for review in a delayed post-conviction relief appeal.
 {¶ 14} This assignment of error is therefore, overruled.
 {¶ 15} Because the last three assignments of error address the psychiatric evaluation, they will be discussed together:
 {¶ 16} "II. The application to confine a mentally ill person after commission of a crime and the psychiatric evaluation finding mental illness only a hour after the commission of the crime is evidence that had the trial counsel sought a second psychiatric evaluation it would have been favorable to the defense of temporary insanity.
 {¶ 17} "III. The trial court should have held a [sic] evidentiary hearing so that the petitioner could have established the validity of the psychiatric evaluation submitted as evidence.
 {¶ 18} "IV. The failure of trial counsel to investigate the existence of a psychiatric evaluation made one hour after the commission of the crime, a [sic] evaluation which found the defendants [sic] violent acts the result of mental illness, and the failure to bring this evaluation to the attention of the defendant before he changed his plea to guilty constituted gross ineffective assistance of counsel."
 {¶ 19} Defendant's remaining three assignments of error address his counsel's failure to introduce an evaluation of him performed one hour after the commission of the crime. This issue has been decided previously in State v. Peeples, Cuyahoga (Dec. 22, 1988) App. No. 61544, affirmed (1994), 71 Ohio St.3d 349. Because this issue is res judicata, assignment of errors two, three, and four are overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and JAMES J. SWEENEY, J., CONCUR.
[1] For a detailed history of defendant's appeals and motions for post-conviction relief, see State v. Peeples, (Dec. 31, 1992) Cuyahoga App. No. 61544.
[2] Appellant's brief did not include a statement of issues. This section typically restates each assignment of error as a question, customarily beginning with the word "whether."
[3] Although different counsel represented him on appeal, defendant did not assign ineffective assistance of counsel as an error.
[4] For a discussion of the history of R.C. 2953.21 see State v.Beaver, (Nov. 20, 1998) Trumbull App. No. 97-T-0205.
[5] Petitioner has not alleged any change of law that might qualify him under B.